UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STATON,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA WATER SERVICE COMPANY,<br><br>        Defendant. | Case No. 24-cv-03847-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE**<br><br>Re: Dkt. No. 15 |

Plaintiff Christopher Staton worked for Defendant California Water Service Company as a Utility Worker from May 2023 until he was terminated in October 2023. Dkt. 1, Ex. 1 ¶ 1. Plaintiff originally filed this lawsuit in Monterey County Superior Court, asserting state law claims relating to employment discrimination, wage and hour violations, and various torts. Dkt. 1, Ex. 1. Defendant subsequently removed the case to this Court, asserting that this Court has federal question subject matter jurisdiction because several of Plaintiff's state law claims are preempted by the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Dkt. 1. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 12, 13.

Now before the Court is Plaintiff's motion to remand this case to California Superior Court. Dkt. 15 (motion); *see also* Dkt. 17 (reply). Defendant opposes the motion to remand. Dkt. 16. This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** the motion for remand.

**I.    LEGAL STANDARD**

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Generally, a civil action may be removed only if it could have been brought initially in a federal court, *i.e.,* if federal

question or diversity jurisdiction exists. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The removal statute is to be strictly construed, and any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## II. DISCUSSION

Defendant argues, and Plaintiff does not dispute, that the terms and conditions of Plaintiff's employment were governed by a Collective Bargaining Agreement ("CBA") between Defendant and the Utility Workers Union of America. *See generally* Dkt. 15 at 17-19; Dkt. 16 at 8. Defendant removed this case on the grounds that the LMRA preempts the following state law causes of action in Plaintiff's complaint: (1) the tenth cause of action for failure to pay hourly and overtime wages; (2) the fourteenth cause of action for unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*, which is based in part on the alleged failure to pay hourly and overtime wages; and (3) the fourth cause of action for intentional infliction of emotional distress and the fifth cause of action for intentional infliction of emotional distress. Dkt. 1 ¶¶ 17-26. The essence of Defendant's preemption argument is that resolution of these causes of action depends on the terms of the CBA that governed Plaintiff's employment by Defendant. *See id.*

In support of the motion to remand, Plaintiff does not dispute that the CBA preempts his tenth and fourteenth causes of action; instead, Plaintiff offers to dismiss his eighth through fourteenth causes of action. Dkt. 15 at 6, 9-10. It appears that the Parties met and conferred on Plaintiff's proposal but were unable to agree on whether the claims would be dismissed with or without prejudice. *See* Dkt. 15 at 9-10; Dkt. 17 at 2; Dkt. 17-1 ¶¶ 2-3. Defendant also argues in opposition to the motion to remand that any remand should be conditioned on Plaintiff paying Defendant the attorney fees and costs associated with removing the case and opposing Plaintiff's remand motion, and Plaintiff opposes that condition. Dkt. 16 at 21-22; Dkt. 17 at 4-5.

Both parties discuss Federal Rule of Civil Procedure 41 in connection with Plaintiff's offer to dismiss the eighth through fourteenth causes of action. *See, e.g.,* Dkt. 15 at 9, Dkt. 16 at 19.

1  However, Rule 41 concerns dismissal of an entire action (or all claims against a particular
2  defendant), whereas Plaintiff's offer here is to dismiss only certain claims against Defendant.
3  Rule 41 does not apply in this situation.  As the Ninth Circuit has explained, "[n]othing in the case
4  law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a
5  defendant remaining in the case" and "there is no reason to make such a distinction" between
6  Rules 41(a)(1) and 41(a)(2) in this context.  *Hells Canyon Preservation Council v. U.S. Forest*
7  *Serv.*, 403 F.3d 683, 687-88 (9th Cir. 2005).  "Instead, withdrawals of individual claims against a
8  given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings."
9  *Id.* at 687.

10  Defendant filed an answer in state court on June 26, 2024, before this case was removed,
11  and more than 21 days has passed since the answer was filed.  *See* Dkt. 1, Ex. 5.  As a result,
12  Plaintiff may amend the complaint "only with the opposing party's written consent or the court's
13  leave," which "should freely be given when justice so requires."  Fed. R. Civ. P. 15(a)(2).
14  Defendant has not consented to Plaintiff's proposed amended complaint, Plaintiff has not filed a
15  motion for leave to amend the complaint, and the Parties have not addressed whether the Court
16  should grant leave to amend under the circumstances of this case.  Accordingly, the Court declines
17  to treat Plaintiff's present motion to remand as a motion to amend the complaint.
18  In any event, "[a] district court's subject matter jurisdiction is determined on the basis of
19  the complaint at time of removal, not as subsequently amended." *Sparta Surgical Corp. v. Nat'l*
20  *Ass'n of Securities Dealers, Inc.,* 159 F.3d 1209, 1213 (9th Cir. 1998).  Here, the Court concludes
21  that it has subject matter jurisdiction over the complaint as it existed at the time of removal (and as
22  it still exists today).  As mentioned, Defendant argues, and Plaintiff does not dispute, that the
23  LMRA preempts Plaintiff's tenth and fourteenth causes of action and that those preempted claims
24  raise a federal question that supports removal  *See, e.g.,* Dkt. 15 at 5-6, 9-10, 15-19; Dkt. 16 at 14-
25  19; *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152-54 (9th Cir. 2019).  Because removal
26  was proper based on the tenth and fourteenth causes of action, the Court does not reach the
27  Parties' dispute about whether the LMRA also preempts Plaintiff's fourth and fifth causes of
28  action for intentional and negligent infliction of emotional distress.

### III. CONCLUSION

Accordingly, Plaintiff's motion to remand the case is **DENIED**. This ruling is without prejudice to Plaintiff's ability to seek Defendant's consent or the Court's leave to amend the complaint. In addition, if Plaintiff is later permitted to amend the complaint to remove all claims that form the basis for federal jurisdiction, the present order is without prejudice to Plaintiff filing a renewed motion requesting that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and remand the case at that time. *See Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1001 (N.D. Cal. 2013).

**SO ORDERED.**

Dated: September 19, 2024

SUSAN VAN KEULEN
United States Magistrate Judge